UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE WILBURN,

                    Plaintiff,

          -against-

VALERIE GALLOWAY; SAMUEL
GOMPERS HOUSES; NEW YORK CITY
HOUSING AUTHORITY,

                    Defendants.

23-CV-10513 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated at the Metropolitan Detention Center in Brooklyn, New York, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated December 19, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his rights under the Fifth and Fourteenth Amendments when they failed to secure his apartment following his arrest. Named as Defendants are the Samuel Gompers Houses, which Plaintiff describes as a "management office" which residents of his apartment building "report to for rent

payments and other concerns"; Valerie Galloway, the manager of the Samuel Gompers Houses; and the New York City Housing Authority ("NYCHA"), which Plaintiff alleges is that "parent agency" of the Samuel Gompers Houses. (ECF 1, at 1.)

The following allegations are taken from the complaint. Plaintiff was the "sole lessee" of an apartment located in Manhattan and managed by the Samuel Gompers Houses and NYCHA. (*Id.*) On January 19, 2019, Plaintiff was arrested in California. At that time, he asked his appointed criminal defense attorney, Marc Gellar, about his property in his New York apartment and Gellar "merely advised the Plaintiff that he must wait until he was in New York to address his property concerns." (*Id.* at 2.) Between February 2019 and December 2020, Plaintiff asked another of his appointed attorneys, James Darrow, for updates regarding his property, but Darrow told him "that a total loss and conversion of all property and effects was a consequence of being charged with a federal offense." (*Id.*) At a February 5, 2020 pretrial conference in a criminal action pending in the United States District Court for the Eastern District of New York under case number 19-CR-108, Darrow said he would "reach out to D.O.I. legal department regarding [Plaintiff's] property."[2] (*Id.*)

During a bail hearing held via teleconference on April 23, 2020, Darrow told the court that "'all of Mr. Wilburn's property that wasn't seized from his apartment, which was in his apartment during the [September 8, 2018] search, is under lock and key in a NYCHA apartment.'" (*Id.* (quoting the transcript) (alterations in the complaint).) Plaintiff alleges that this statement echoed Darrow's assurances to him that "his property remained secure." (*Id.*)

---

[2] Plaintiff believes "D.O.I." to be a reference to the "Department of Investigation," but states that he is not familiar with that agency. (*See id.* at 2.)

In January 2021, NYCHA staff permitted Linda M. Wilburn and Ashley Cotto to access Plaintiff's apartment,[3] at which time they discovered the "theft, destruction, and conversion of his personal property and effects in the Plaintiff's Apartment." (*Id.*) An "affidavit" from Linda Wilburn that is attached to the complaint states that during the January 2021 visit to the apartment, she was "shocked to discover that the Plaintiff's apartment had been ransacked and burglarized following the September 08, 2018 search and seizure by federal agents." (*Id.* at 3.) She further states that she "personally observed that the Plaintiff's furniture, electronics, televisions, jewelry, several books, clothing, mementos, diplomas, original artwork, and other property and effects were no longer in the Plaintiff's apartment." (*Id.*)

Plaintiff further alleges that on March 20, 2023, he received a hard drive from the United States Attorney's Office for the Eastern District of New York that included an affidavit in support of a search warrant from Special Agent Joshua Croft stating that, "'[o]n October 25, 2018, [he] went to' Plaintiff's Apartment 'inspected the [pad]lock' that was placed on the damaged door, 'with NYCHA investigators and observed that' the Plaintiff's Apartment 'had been entered and ransacked.'" (*Id.* at 2. (quoting the affidavit) (alterations in the complaint).) Plaintiff therefore reasons that since October 25, 2018, Galloway "knew or had reason to know" that Plaintiff's property had been "ransacked and stolen" but that she "failed [to] alert the Plaintiff, and failed to . . . advise the Gompers subordinates, to alert the Plaintiff in regards to the status of his property and effects." (*Id.*) Plaintiff alleges that until Croft advised NYCHA of the broken padlock, Galloway "failed to have anyone properly secure the Plaintiff's apartment with a new, undamaged door with a standard deadbolt." (*Id.*) Plaintiff's apartment was instead "secured

---

[3] Plaintiff does not identify these two individuals, but Linda M. Wilburn may be a relative of his.

with a flimsy padlock, [for] which numerous NYCHA and Gompers staff members had keys."
(*Id.*) He maintains that "Galloway's deliberate indifference and reckless disregard for [his] property violated [his] constitutional rights" and has caused him "irreparable harm." (*Id.*)

Plaintiff does not state the relief he is seeking.

A search of the Public Access to Court Electronic Records ("PACER") database shows that Plaintiff has two criminal actions pending against him in the Eastern District of New York. In *United States v. Wilburn*, No. 19-CR-0108 (EK) (E.D.N.Y.), Plaintiff is charged by superseding indictment of sexual exploitation of a child and multiple counts of possession of child pornography on his cell phone and hard drives, which appear to have been discovered during the September 6, 2018 search of his apartment that he mentions in the complaint.[4] *See id.*, Dkt. 13.

In that criminal action, on December 28, 2021, Plaintiff filed a motion for return of various property seized from his apartment on September 6, 2018 or March 2019, including multiple forms of removable data storage (SD cards, hard drives, thumb drives); electronics, laptop, camera, cell phones, computer parts, and "misc personal items" including "awards, diplomas, certificates, photo albums, photographs." *Id.*, Dkt. 62, at 2. He also stated in his motion that "every other effect in [his] apartment was stolen by unknown perpetrators following the above-mentioned searches." *Id.* at 2. On January 5, 2022, Judge Brodie denied Plaintiff's motion without prejudice to later presentation through counsel. *Id.*, Text order of Jan. 5, 2022.

In *United States v. Brown (Wilburn)*, No. 19-CR-0139-4 (EK) (E.D.N.Y.), Plaintiff is accused of participating in a scheme to steal credit card information and then use that

---

[4] By superseding information dated August 15, 2022, Plaintiff was also charged with violations of the Mann Act. *Id.*, Dkt. 156.

information to make unauthorized purchases. As a result, he is charged with conspiracy to commit access device fraud; access device fraud; conspiracy to commit wire fraud; wire fraud; and aggravated identity theft. *Id.,* Dkt. 31. He filed the same motion for the return of property in that action as he filed in No. 19-CR-0108. *See id.*, Dkt. 127.

Both of Plaintiff's criminal actions in the Eastern District of New York remain pending.

## DISCUSSION

### A.    Due Process Claim

The Court construes the complaint as asserting claims that the Defendant property managers deprived Plaintiff of his property without due process when his property was stolen or damaged after they failed to properly secure the apartment he was renting following a search of that apartment by law enforcement officers. Because Plaintiff alleges that his property was stolen or damaged, the Court understands him to be seeking money damages, rather than return of the property.[5] Plaintiff's due process claims for money damages arise under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

NYCHA and its employees are considered to be state actors for the purpose of claims under Section 1983. *See Williams v. NYCHA*, 335 F. App'x 108, 110 (2d Cir. 2009) (summary order); *Herbin v. City of New York*, No. 22-CV-5890 (LTS), 2023 WL 2368974, at *3 (S.D.N.Y. Mar. 6, 2023). A claim for deprivation of property, however, is not recognized in federal court if

---

[5] To the extent Plaintiff is seeking return of property seized by law enforcement officers during the search of his apartment, the proper avenue for relief is a motion under Rule 41(g) of the Federal Rules of Criminal Procedure filed in the appropriate criminal case. *See* Fed. R. Crim. P. 41(g); *Ferreira v. United States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005) (setting forth the standard to prevail on a Rule 41(g) motion).

the state courts provide a remedy for the deprivation of that property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988); *Herbin,* 2023 WL 2368974, at \*3. Courts in this circuit have repeatedly found that the availability of an action in the Court of Claims and state law actions for negligence, replevin, or conversion are adequate post-deprivation remedies for a deprivation of personal property claim. *See Herbin*, 2023 WL 2368974, at \*3 (collecting cases); *see also Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 499 (S.D.N.Y. 2014) (New York state law provides an adequate post-deprivation remedy, that is, Section 9 of the Court of Claims Act); *Jones v. Harris*, 665 F. Supp. 2d 384, 401 (S.D.N.Y. 2009) (describing procedure available to state prisoners); *Jenkins v. McMickens*, 618 F. Supp. 1472, 1474 (S.D.N.Y. 1985) (state tort action available to compensate plaintiff for alleged loss of property by city jail officials); *see also Moreno v. New York*, 69 N.Y.2d 432 (1987) (alternative state remedies to recover seized property discussed).

Here, Plaintiff cannot seek damages against NYCHA, Samuel Gompers Houses, or Galloway in a Section 1983 action for the loss of his property because he has not demonstrated that his available state remedies are in any way inadequate or inappropriate. *See Butler v. Castro*, 896 F.2d 698, 700-04 (2d Cir. 1990); *Aniades v. New York State Div. of Parole*, No. 21-CV-5975 (CM), 2023 WL 4421877, at \*12 (S.D.N.Y. July 10, 2023) (dismissing Section 1983 claim against "public housing administrators" alleged to have "thrown away" the plaintiff's belongings while he was in prison because state courts provide an adequate remedy); *Herbin*, 2023 WL 2368974, at \*3 (holding that plaintiff cannot seek damages against NYCHA and its employees in a Section 1983 action for loss of property because state court remedies are adequate and available). Plaintiff's claim concerning the loss of his property is therefore dismissed for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state law claims

when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal

claims of which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New*

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522

U.S. 156, 173 (1997))).

**C.      Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be

granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff

may be asserting. *See* 28 U.S.C. § 1367(c)(3).

8

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:    January 8, 2024
          New York, New York

                                      /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge