UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE WILBURN,

                    Plaintiff,

          -against-                                23-CV-10513 (LTS)

VALERIE GALLOWAY; SAMUEL GOMPERS            ORDER
HOUSES; NEW YORK CITY HOUSING
AUTHORITY,

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently held at the Metropolitan Detention Center in Brooklyn, New

York, filed this action *pro se*. On January 8, 2024, the Court dismissed the complaint for failure

to state a claim on which relief may be granted (ECF 6), and the Clerk of Court entered judgment

on the same day (ECF 7). Plaintiff filed a notice of appeal, and by mandate issued August 2,

2024, the United States Court of Appeals for the Second Circuit dismissed the appeal because it

"lack[ed] an arguable basis either in law or fact." (ECF 12, at 1 (internal quotation marks and

citation omitted).) On August 28, 2024, Plaintiff filed a "Motion for Leave to Vacate Judgment"

challenging the January 8, 2024 dismissal order. (ECF 13.)

The Court liberally construes this submission as a motion for relief from a judgment or

order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of

Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d

Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal

construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency

in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a

pro se litigant understands what is required of him" (citations omitted)). After reviewing the

arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or

judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered in time
> to move for a new trial under Rule 59(b); (3) fraud (whether previously called
> intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing
> party; (4) the judgment is void; (5) the judgment has been satisfied, released, or
> discharged; it is based on an earlier judgment that has been reversed or vacated; or
> applying it prospectively is no longer equitable; or (6) any other reason justifying
> relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one

year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P.

60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of

his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five

clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also

denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in

clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v.

Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot

circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the

residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was

filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief."

*Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

**CONCLUSION**

Plaintiff's motion for reconsideration (ECF 13) is denied. The Clerk of Court is directed to terminate all motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    September 17, 2024
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge