UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE WILBURN,<br><br>                     Plaintiff,<br><br>-against-<br><br>VALERIE GALLOWAY; SAMUEL GOMPERS HOUSES; NEW YORK CITY HOUSING AUTHORITY,<br><br>                     Defendants. | 23-CV-10513 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently held at the Metropolitan Detention Center in Brooklyn, New York, filed this action *pro se*. The complaint asserted procedural due process claims under 42 U.S.C. § 1983 against Defendants affiliated with the New York City Housing Authority arising from alleged deprivation of his property. On January 8, 2024, the Court dismissed the complaint for failure to state a claim on which relief may be granted (ECF 6), and the Clerk of Court entered judgment on the same day (ECF 7). Plaintiff filed a notice of appeal, and by mandate issued August 2, 2024, the United States Court of Appeals for the Second Circuit dismissed the appeal because it "lack[ed] an arguable basis either in law or fact." (ECF 12, at 1 (internal quotation marks and citation omitted).) On August 28, 2024, Plaintiff filed a "Motion for Leave to Vacate Judgment" challenging the January 8, 2024 dismissal order. (ECF 13.) By order dated September 17, 2024, the Court liberally construed the motion as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure, and denied the motion.[1] (ECF 14.) In its order, the Court held that "even under a liberal interpretation" of

---

[1] Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

Plaintiff's arguments, his motion had failed to demonstrate that relief under the first five clauses Rule 60(b) was warranted, and that he "failed to demonstrate that extraordinary circumstances exist to warrant relief under" Rule 60(b)(6). (*Id.* at 2, 3.)

On October 3, 2024, the Court received another motion from Plaintiff in which he seeks reconsideration of the Court's September 17, 2024 order denying his first motion for reconsideration. (ECF 15.) The Court construes Plaintiff's submission as a motion for reconsideration under Rule 60(b) of its denial of his previous Rule 60(b) motion and the Court's January 8, 2024 order of dismissal and judgment. The Court denies the motion.

In his new motion, like in his first motion, Plaintiff argues that, by construing the complaint, in which Plaintiff did not specify the relief he sought, as seeking money damages, the Court "overlooked" the fact that Plaintiff may have been seeking declaratory relief.[2] (ECF 2, at 4.) Whether Plaintiff was seeking money damages, as the Court assumed, or declaratory relief is immaterial. As the Court stated in its order of dismissal, a claim for deprivation of property is not recognized in federal court if the state courts provide a remedy for the deprivation of that property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural

---

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

[2] In its order of dismissal, the Court noted to the extent Plaintiff was seeking injunctive relief in the form of return of property seized by federal law enforcement officers during the search of his apartment, the proper avenue for relief is a motion under Rule 41(g) of the Federal Rules of Criminal Procedure filed in his criminal case. (*See* ECF 6, at 6 n.3.)

requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available."). Courts in this circuit have repeatedly found that the availability of state law actions for negligence, replevin, or conversion are adequate post-deprivation remedies for a deprivation of personal property claim. *See Herbin v. City of New York*, No. 22-CV-5890 (LTS), 2023 WL 2368974, at *3 (S.D.N.Y. Mar. 6, 2023) (collecting cases). Plaintiff therefore has not stated a constitutional claim, regardless of the type of relief he seeks. *See, e.g.*, *Trello v. McKeighan*, 624 F. Supp. 3d 150, 157–58 (N.D.N.Y. 2022) (dismissing procedural due process claim seeking declaratory and injunctive relief because state court remedies were available.)

Plaintiff also asserts that relief should be granted under Rule 60(b)(6) due to the hardships associated with being incarcerated while attempting to litigate "numerous cases in this district courts, courts of appeals, and the United States Supreme Court." (ECF 15, at 2) It is unclear how these arguments relate to the merits of Plaintiff's complaint or the Court's order of dismissal. In any event, these allegations do not amount to "extraordinary circumstances" necessary to warrant relief under Rule 60(b)(6). *See Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (*per curiam*).

The Court denies Plaintiff's Rule 60(b) motion. This action is closed. The Court will not consider any future motions for reconsideration.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 15) is denied. The Clerk of Court is directed to terminate all motions in this action.

This action is closed. The Clerk of Court is directed to accept no further documents in this action other than those directed to the Court of Appeals. If Plaintiff files another motion for reconsideration in this action, the Court will direct the Clerk of Court to terminate the motion.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 4, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge